ORIGINAL

_____ Priority
✓ Send
_____ Clsd
_____ Enter
_____ JS-5/JS-6
_____ JS-2/JS-3

```
          FILED
CLERK US DISTRICT COURT

     OCT 24 2005

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY
```

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAGNEA TESHOME, | ) CV 05-3664 FMC (PJWx) |
| | ) **ORDER FOR JURY TRIAL** |
| | ) 1. Discovery Cut-Off Date: January 20, 2006 |
| Plaintiff(s), | ) 2. Cut-Off Date for Joining Parties or Amending Pleadings: February 27, 2006 |
| vs. | ) 3. Cut-Off Date for Hearing Motions: February 27, 2006 |
| | ) 4. Expert Witness Exchange Deadline: in accordance with the Rules |
| O'MELVENY & MEYERS, LLP., | ) 5. Final Pre-Trial Conference: May 1, 2006, at 9:30 a.m. |
| Defendant(s). | ) 6. Trial Date: May 23, 2006, at 9:00 a.m. |

SCHEDULING:

    1.   <u>In General</u>.  The Court has established a cut-off date for joining parties or amending pleadings.  All motions to join other parties or to amend the pleadings shall be filed and served on, or prior to, the cut-off date.  All motions to join other parties or to amend the pleadings shall be noticed for hearing.  All unserved parties are subject to dismissal at the time of the Pre-Trial Conference pursuant to Local Rule 16-7.1.

    2.   <u>Discovery Cut-Off</u>.  The Court has established a cut-off date for discovery in this action.  All discovery is to be completed on, or prior to, the cut-off date.  Accordingly, the following discovery schedule shall apply to this Court.

```
DOCKETED ON CM

  OCT 25 2005

BY
```

A.    <u>Depositions</u>. All depositions shall be scheduled to commence at least five (5) working days prior to the discovery cut-off date. All original depositions to be used in trial shall be lodged with the Courtroom Deputy on the day of trial.

B.    <u>Discovery Motions</u>. Any motion respecting the inadequacy of responses to discovery must have been heard by the discovery cut-off date. Counsel are expected to strictly comply with all local rules and the Federal Rules of Civil Procedure concerning discovery. Whenever possible, the Court expects counsel to resolve discovery problems among themselves in a courteous, reasonable, and professional manner. The Court expects that counsel will strictly adhere to the Civility and Professional Guidelines adopted by the United States District Court for the Central District of California in July of 1995.

<u>LAW AND MOTION</u>:

1.    The Court has ordered the above cut-off date for the <u>hearing</u> of motions in this action. All motions must be noticed so that the <u>hearing</u> takes place on or before the motion cut-off date. Counsel is to provide chambers with conformed courtesy copies of any reply documents. Please do not put courtesy copies in envelopes.

2.    If oral argument is not required, counsel will be advised the week before the hearing date. If oral argument is to be heard, the Court will make every effort to issue a tentative ruling or an outline of issues on which argument should concentrate in advance of the hearing date. Please include your fax number on all pleadings. Counsel should check the district court's website at www.cacd.uscourts.gov under this Judge's profile to find any tentative rulings posted on Thursday afternoon or Friday before the scheduled oral argument.

3.    Counsel are to deliver courtesy copies of reply documents to the Judge's office in the drop box located in the corridor by the chambers on the

- 2 -

1   7th floor of the Roybal Federal Building.

2        4.    All documents are to comply with Local Rule 11-3.1 and shall be

3   prepared in 14-point font or larger or monospaced typeface with no more than

4   10 ½ characters per inch.  Counsel are also directed to adhere to Local Rule 11-

5   3.6, requiring that all documents be double spaced, and Local Rule 11-8,

6   requiring that all briefs that exceed 10 pages in length must have a table of

7   contents and a table of authorities.

8   FINAL PRE-TRIAL CONFERENCE:

9        This case has been placed on calendar for a Final Pre-Trial Conference

10  pursuant to Fed.R.Civ.P. 16 and Local Rule 16-7.  Unless excused for good

11  cause, each party appearing in this action shall be represented at the Final Pre-

12  Trial Conference by the attorney who is to have charge of the conduct of the

13  trial on behalf of such party.   Counsel should be prepared to discuss

14  streamlining the trial, including presentation of testimony by deposition

15  excerpts or summaries, time limits, stipulations as to undisputed facts, and

16  qualification of experts by admitted resumes.

17       STRICT COMPLIANCE WITH THE REQUIREMENT OF LOCAL

18  RULE 16-1, et seq., IS REQUIRED BY THE COURT.  Therefore, carefully

19  prepared Memoranda of Contentions of Fact and Law, Witness List, Exhibit

20  List, and a proposed Final Pre-Trial Conference Order shall be submitted in

21  accordance with the Rules, and the form of the proposed Final Pre-Trial Order

22  shall be in conformity with the format set forth in the Appendix A to the Local

23  Rules.

24       The Memoranda of Contentions of Fact and Law are due twenty-one (21)

25  days before the Final Pre-Trial Conference, and the proposed Final Pre-Trial

26  Conference Order is to be lodged seven (7) days before the Final Pre-Trial

27  Conference.

28  /    /    /

SETTLEMENT PROCEDURES:

A settlement procedure is required in every case pursuant to Local Rule 16-14, et seq. The Court will normally be guided by counsel's agreement as to what procedure is appropriate for this case and when the optimum time for that procedure is. Counsel are responsible for seeing that the settlement procedures are conducted well before the Final Pre-Trial Conference. Not to the exclusion of other procedures, the following are available:

(1) a settlement conference before the district judge or magistrate judge assigned to the case; however, the undersigned shall not participate in settlement of a case to be tried without a jury;

(2) a settlement conference or mediation before an attorney selected from the Attorney Settlement Panel;

(3) the employment (at the parties' expense) of a private judge, a mediator, or arbitrator.

TRIAL PREPARATION FOR JURY TRIAL - MOTIONS, INSTRUCTIONS AND EXHIBITS:

THE COURT ORDERS that all counsel comply with the following in their preparation for trial:

1. MOTIONS IN LIMINE

All motions in limine must be filed at least three weeks prior to the Final Pre-Trial Conference. There is no need to provide the Court with proposed Orders on the Motions in Limine. The Court will rule on all motions in limine at the Final Pre-Trial Conference. **Failure to file motions in limine on time may result in a continuance of the trial date.**

2. JURY INSTRUCTIONS/SPECIAL VERDICT FORMS

Thirty-five (35) days before trial, plaintiff shall serve plaintiff's proposed jury instructions and special verdict forms on defendant. Twenty-

1  eight (28) days before trial, defendant shall serve on plaintiff defendant's

2  objections to plaintiff's instructions together with any additional instructions

3  defendant intends to offer.   Twenty-one (21) days before trial, counsel are

4  ordered to meet and confer to attempt to come to agreement on the proposed

5  jury instructions.

6       Fourteen (14) days before trial, counsel shall file with the Court a JOINT

7  set of jury instructions on which there is agreement.

8       Reference to the instructions in the *Manual of Model Jury Instructions for*

9  *the Ninth Circuit*, the *California Book of Approved Jury Instructions Civil*, or the

10  *Judicial Council of California Civil Jury Instructions (CACI)*, shall be by number

11  only.   The Court requests only a list of those numbered instructions, which

12  the Court has accessible on its computer.  Do not provide written copies of

13  those instructions.

14       Defendant's counsel has the burden of preparing the joint set of jury

15  instructions.   At the same time each party shall file its proposed jury

16  instructions which are objected to by any other party, accompanied by points

17  and authorities in support of those instructions and in support of any

18  objections.

19       With respect to the parties' special instructions, each requested

20  instruction shall be set forth in full; be on a separate page; be numbered; cover

21  only one subject or principle of law; and not repeat principles of law contained

22  in any other requested instruction.

23       During the trial and before argument, the Court will meet with counsel

24  and settle the instructions. **Failure of counsel to strictly follow the provisions**

25  **of this section may subject the non-complying party and/or its attorney to**

26  **sanctions and shall constitute a waiver of jury trial.**

27       3.    <u>TRIAL EXHIBITS</u>

28       Counsel are to prepare their exhibits for presentation at the trial by

placing them in binders which are indexed by exhibit number with tabs or dividers on the right side. Counsel shall submit to the Court an original and one copy of the binders. The exhibits shall be in a three-ring binder labeled on the spine portion of the binder as to the volume number <u>and</u> contain an index of each exhibit included in the volume. Exhibits must be numbered in accordance with Local Rule 16.5.

The Court requires that the following be submitted to the Courtroom Deputy Clerk on the first day of trial:

        a.     The <u>original exhibits</u> with the Court's exhibit tags, yellow tags for plaintiff and blue tags for defendant, shall be stapled to the front of the exhibit on the upper right-hand corner with the case number, case name, and exhibit number placed on each tag.

        b.     <u>One bench book</u> with a copy of each exhibit tabbed with numbers as described above for use by the Court. (Court's exhibit tags not necessary.)

        c.     Three (3) copies of exhibit lists.

        d.     Three (3) copies of witness lists in the order in which the witnesses may be called to testify.

        e.     If a daily transcript and/or real time reporting will be requested or is contemplated, the reporter is to be notified at least one week in advance of the trial date.

In jury cases where a significant number of exhibits are to be admitted, the Court encourages counsel, preferably by agreement, to consider ways in which testimony about exhibits may be made intelligible to the jury while it is being presented. Counsel may consider such devices as overhead projectors, jury notebooks for admitted exhibits, or blow-ups of important exhibits. The Central District has Elmo equipment which may be available for your use during trial. Call the Courtroom Deputy if you wish to reserve it. Do not plan

1    to pass exhibits up and down the jury box while court is in session.

2    All counsel are to meet not later than ten (10) days before trial and to

3    stipulate, so far as is possible, to foundation, waiver of the best evidence rule,

4    and to those exhibits which may be received into evidence at the start of the

5    trial. The exhibits to be so received will be noted on the extra copies of the

6    exhibit lists.

7    4.    <u>JOINT STATEMENT OF THE CASE</u>

8    On the first day of trial, counsel are to provide the Courtroom

9    Deputy Clerk with a joint statement of the case to be read by the Court to the

10    prospective panel of jurors prior to the commencement of the jury trial.

11    Counsel are ordered to meet and agree to this 1-2 page joint statement of the

12    case five (5) days prior to the trial date.

13    <u>JURY TRIAL</u>:

14    After the initial day of trial, trial days are Tuesday through Friday from

15    8:00 a.m. to 1:30 p.m. with two fifteen-minute breaks, normally at 10:00 a.m.

16    and 12:00 p.m. On the first day of trial, the Court will commence at 9:00 a.m.

17    and conclude at 4:00 p.m. with the standard lunch break.

18    The Clerk is ordered to serve a copy of this Order personally <u>or</u> by mail

19    on counsel for all parties to this action

20    DATED this 24 day of Oct. 2005.

21

22

23    FLORENCE-MARIE COOPER, JUDGE

     UNITED STATES DISTRICT COURT

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

)  CV                    FMC(   x)
)
)
)
Plaintiff(s),   )
)
vs.             )       **EXHIBIT LIST**
)
)       *SAMPLE FORMAT*
)
Defendant(s).   )
)

| EXH. No. | DESCRIPTION | IDENTIFIED | ADMITTED |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

-1-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CV _____ FMC( _____ x)

Plaintiff(s),

vs.

Defendant(s).

**WITNESS LIST**

*SAMPLE FORMAT*

| WITNESSES FOR PLAINTIFF | DATES OF TESTIMONY |
|---|---|
| | (to be filled in during trial) |

WITNESSES FOR DEFENDANT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SCANNED