P Send

DOCKETED ON CM
Entered
SEP - 4 2007
BY _____ 154

FILED
CLERK US DISTRICT COURT
SEP - 4 2007
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAGNEA TESHOME, | 2:05-cv-03664-FMC-PJWx |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION TO VACATE ORDER GRANTING SUMMARY JUDGMENT AND COMPELLING ARBITRATION** |
| O'MELVENY & MYERS, LLP | |
| Defendant. | #122 |

This matter is before the Court on Plaintiff's Motion for Order Staying Litigation and Compelling Arbitration (docket no. 118) filed June 21, 2007. The Court has read and considered the moving and opposition documents submitted in connection with this motion. For the reasons and in the manner set forth below, the Court hereby GRANTS the motion to vacate order granting summary judgment and compelling arbitration.

**I. Background**

This civil employment action concerns an arbitration agreement promulgated by Defendant, O'Melveny & Myers (O'Melveny). The Court's previous Order granting summary judgment and compelling arbitration was entered on May 25, 2006.

When the Court granted summary judgment, the issue before the Court was whether Teshome received the arbitration agreement, or Dispute Resolution Program (DRP), in a way that put him on notice that he would be bound by its terms. At that time, the Court found that O'Melveny had established that even if the copy of the DRP allegedly mailed to Teshome failed to make its way to him, Teshome was nevertheless on notice of the DRP upon receipt of the DRP email. Teshome admits the DRP email was in his inbox and appeared to have been opened. Accordingly, because he continued employment at O'Melveny & Myers after receiving the DRP, as a matter of law, Teshome had agreed to abide by its terms.

Plaintiff has filed the instant motion in light of the Ninth Circuit's recent decision in *Davis v. O'Melveny and Myers*, 485 F.3d 1066 (9th Cir. 2007), where it declared O'Melveny's same DRP unconscionable and therefore invalid. Plaintiff now moves this Court for an order vacating the order granting summary judgment and compelling arbitration.

## II. LEGAL STANDARD

*A.    Federal Rule of Civil Procedure 60(b)(5)*

Federal Rule of Civil Procedure 60(b)(5) provides, "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application."

In *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 112 S.Ct. 748 (1992), the Supreme Court set forth "a general, flexible standard for all petitions brought under the equity provision of Rule 60(b)(5)." *SEC v. Coldicutt*, 258 F.3d 939, 941-42 (9th Cir. 2001) (citing *Bellevue Manor Associates v. United States*, 165 F.3d 1249, 1255 (9th Cir.1999)). In applying the Supreme Court's holding

in *Rufo*, the Ninth Circuit found that in order to grant a Rule 60(b)(5) motion to modify a court order, a district court must find "a significant change either in factual conditions or in law." *Id.* (citing *Rufo*, 502 U.S. at 384). "Modification 'may be warranted when changed factual conditions make compliance with the decree substantially more onerous . . . Modification is also appropriate when a decree proves to be unworkable because of unforeseen obstacles, or when enforcement of the decree without modification would be detrimental to the public interest.'" *Id.* (citing *Rufo*, 502 U.S. at 384). Moreover, an order must be modified if compliance becomes legally impermissible. *Id.* (citing *Rufo*, 502 U.S. at 388). A district court, however, should not grant relief from a court order simply because a party finds "it is no longer convenient to live with the terms" of the order. *Id.* (citing *Rufo*, 502 at 383).

B.   *Federal Rule of Civil Procedure 60(b)(6)*

Pursuant to Federal Rule of Civil Procedure 60(b)(6), the Court may relieve a party from final judgment or order for "any other reason justifying relief from the operation of the judgment." Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent *manifest injustice*, and the rule is to be utilized only where *extraordinary circumstances* prevented a party from taking timely action to prevent or correct an erroneous judgment. *See U.S. v. Alpine Land & Reservoir, Co.*, 984 F.2d 1047, 1049-50 (9th Cir. 1993). In applying Rule 60(b)(6), the Ninth Circuit has consistently held that Rule 60(b)(6) relief "normally will not be granted unless the moving party is able to show both injury and that circumstances beyond its control prevented timely action to protect its interests." *Id.*

### III. DISCUSSION

Plaintiff asserts that this Court's May 25, 2006 order compelling arbitration was based on the conclusion that the Plaintiff was bound by the terms of the DRP. As the very same DRP has now been deemed unconscionable and

3

1 invalid by the Ninth Circuit in *Davis*, Plaintiff requests that the Court vacate its
2 previous order pursuant to Rule 60(b)(5), or in the alternative Rule 60(b)(6).
3 That request is granted. The third alternative under Rule 60(b)(5), i.e., that it is
4 "no longer equitable that the judgment should have prospective application"
5 applies in the instant case. In order to grant a Rule 60(b)(5) motion to modify a
6 court order, a district court must find "a significant change either in factual
7 conditions or in law." *SEC v. Coldicutt*, 258 F.3d 939, 941-42 (9th Cir. 2001)
8 (citing *Rufo*, 502 U.S. at 384). As a result of the change in the law governing the
9 O'Melveny's DRP, it is no longer equitable that this Court's previous order
10 remain in effect. Accordingly, Plaintiff's Motion is granted.

## IV. Conclusion

Based on the foregoing reasons, Plaintiff's Motion to vacate this Court's previous order granting summary judgment and compelling arbitration is granted. The matter is set for status conference on October 1, 2007, at 10:00 am.

September 3, 2007

FLORENCE-MARIE COOPER, JUDGE
UNITED STATES DISTRICT COURT

4