1   NANCY L. ABELL (SB# 088785)
    nancyabell@paulhastings.com
2   CAMERON W. FOX (SB# 218116)
    cameronfox@paulhastings.com
3   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    515 South Flower Street
4   Twenty-Fifth Floor
    Los Angeles, CA  90071-2228
5   Telephone:  (213) 683-6000
    Facsimile:  (213) 627-0705
6
    Attorneys for Defendant
7   O'MELVENY & MYERS LLP
8   SAMUEL G. JACKSON, JR. (SB# 046826)
    sjackson@jacksonassoc.com
9   JACKSON & ASSOCIATES
    3699 Wilshire Boulevard, Suite 890
10  Los Angeles, CA  90010
    Tel:  (213) 252-3190
11  Fax:  (213) 252-3191
12  Attorney for Plaintiff
    DAGNEA TESHOME

13

14              UNITED STATES DISTRICT COURT

15              CENTRAL DISTRICT OF CALIFORNIA

16

17  DAGNEA TESHOME, an                 Case No.  CV05-3664 FMC (PJWx)
    individual,
18                                     **CONFIDENTIALITY AGREEMENT
                                       AND [~~PROPOSED~~] PROTECTIVE
19            Plaintiff,               ORDER**

20       v.

21  O'MELVENY & MYERS, an L.L.P.
    doing business in California,
22
              Defendant.
23

24

25

26

27

28      ORIGINAL

RECEIVED BUT NOT FILED  JAN 2 4 2008

Lodged
CLERK US DISTRICT COURT
JAN 2 4 2008
CENTRAL DISTRICT OF CALIFORNIA
BY        DEPUTY

FILED
CLERK US DISTRICT COURT
JAN 2 5 2008
CENTRAL DISTRICT OF CALIFORNIA
BY        DEPUTY

1            Subject to the approval of this Court, Plaintiff Dagnea Teshome

2    ("Plaintiff") and Defendant O'Melveny & Myers LLP ("OMM"), through their

3    counsel of record, hereby stipulate that any documents, materials, or other tangible

4    things produced during the course of discovery in this case, including during initial

5    disclosures and depositions, that are reasonably deemed by any party to contain

6    confidential information (hereafter "Confidential Documents") and/or confidential

7    information that is to be viewed by counsel only (hereafter "Attorneys' Eyes Only

8    Documents"), shall be treated in accordance with the terms and conditions of this

9    Confidentiality Agreement and Protective Order (this "Order"), as follows:

10        **Designation of Documents**

11            1.    Confidential Documents:  Documents deemed to be Confidential

12    Documents by any party shall be designated as confidential by placing the legend

13    "CONFIDENTIAL" on each page of the document or the copy of it that is

14    produced during discovery or at deposition.  Confidential information includes,

15    without limitation, financial, proprietary and/or confidential business information of

16    any party that has not been made publicly available, as well as information subject

17    to a legitimate claim of privacy by any party or any current or former employee of

18    any party.

19            2.    Confidential Documents Containing Attorneys' Eyes Only

20    Information:  Any Confidential Document produced by any party that contains

21    information that the producing party intends to be viewed by counsel *only* (such as

22    private personnel information or records produced by OMM that reflect, relate or

23    refer to work done by OMM for one or more of its clients) may be so designated by

24    placing the legend "ATTORNEYS' EYES ONLY" on each page of the

25    Confidential Document or the copy of it that is produced during discovery or at

26    deposition.  Examples of the types of information that may be designated as

27    Attorneys' Eyes Only include:

28

-1-

CONFIDENTIALITY AGREEMENT AND
[PROPOSED] PROTECTIVE ORDER

1                    (a)    Private personnel records about pay, performance,

2                              discipline, and medical history; and

3                    (b)    Records produced by OMM that reflect, relate or refer to

4                              work done by OMM for one or more of its clients.

5    "Private personnel information" as set forth above does not include job

6    assignments, job titles, work duties, job history, education, or discipline for

7    (i) making racial slurs against African-Americans, (ii) making negative comments

8    about African-Americans, or (iii) taking adverse action against African-Americans.

9              3.    If any party disagrees with a designation of a document as

10   "Confidential" or "Attorneys' Eyes Only," the parties shall meet and confer over

11   the issue. The document or information shall be treated in accordance with its

12   designation until the matter has been resolved through the meet and confer process

13   or by the Court.

14          4.    In the case of documents obtained from third parties by way of

15   subpoena or other discovery methods, designation shall be made as follows: Upon

16   receipt by the receiving party, the documents received shall automatically be

17   deemed "Confidential" and "Attorneys' Eyes Only," but not so marked. The

18   receiving party shall provide a copy thereof to opposing counsel within 5 business

19   days of receipt. Counsel shall thereafter have 30 days to designate any of those

20   documents in accordance with this Order. If counsel does not designate certain of

21   those documents as a Protected Document within those 30 days, the "Confidential"

22   and "Attorneys' Eyes Only" designation will terminate.

23          5.    Documents produced or disclosed by any party prior to the date

24   of this Order may be marked as "Confidential" and/or "Attorneys' Eyes Only" by

25   any party and will be treated as confidential pursuant to the terms of this Order.

26          6.    The parties agree to designate information as "Confidential" or

27   "Attorneys' Eyes Only" on a good faith basis and, by so designating, is certifying to

28   the Court that a good faith basis for the designation exists.

**Access to and Use of Protected Documents**

7.     The parties shall utilize all Confidential Documents and Attorneys' Eyes Only Documents (collectively, "Protected Documents") and the information derived therefrom, for purposes of this litigation only and solely in accordance with this Order.

8.     <u>Confidential Documents</u>:  The parties and their counsel may disclose Confidential Documents produced or provided by the opposing party only to qualified persons and in conjunction with the preparation or prosecution of this litigation.  Qualified persons for documents designated as "Confidential Documents" are the following:

      (a)     a party, or an officer of a party;

      (b)     experts or consultants (together with their clerical staff) retained by counsel to assist in this action;

      (c)     court reporter(s) employed in this action;

      (d)     deponents, under the procedures set forth in this Order; and

      (e)     any other person as to whom the parties agree in writing.

9.     <u>Attorneys' Eyes Only Documents</u>:  Disclosure of information designated as Attorneys' Eyes Only, including summaries thereof, shall be limited to the Court and the following qualified persons:

      (a)     the parties' counsel of record, and associate attorneys and paralegal and clerical employees assisting counsel of record;

      (b)     court reporters and videographers of sworn proceedings in which the Attorneys' Eyes Only information is raised;

      (c)     experts retained by the parties; and

      (d)     deponents, under the procedures set forth in this Order; and

1          (e)     any other person as to whom the parties agree in writing.

2          10.    Any qualified person to whom a Protected Document is shown

3    shall, prior to receiving such access, be provided with a copy of this Order and shall

4    execute a Certification in the form annexed hereto.  Counsel shall retain such

5    executed Certifications and shall, upon request of opposing counsel, provide written

6    assurance that each person given access to any Protected Document (or information

7    derived therefrom) has first executed such a Certification.

8          11.    Protected Documents shall be retained in the possession and

9    control of counsel in such a manner as to preserve their confidential nature and to

10   carry out the terms of this Order.

11         12.    Nothing herein shall impose any restrictions on the use or

12   disclosure by a party of its *own* Protected Documents (meaning documents or

13   information created or generated by that party).

14   **Use of Protected Documents in Depositions**

15         13.    Counsel may use a Protected Document in the depositions of

16   qualified persons only.  Prior to showing any Protected Document to a qualified

17   person in a deposition, counsel shall inform the deponent of this Order, shall

18   provide him or her a copy of this Order, and shall request that the deponent execute

19   a copy of the Certification annexed hereto.

20         14.    In the situation where counsel taking a deposition has tendered

21   the Certification to a deponent in good faith and the deponent refuses to execute the

22   Certification, such counsel agrees to refrain from showing the deponent (or

23   questioning the deponent regarding) any Protected Documents until the party who

24   noticed the deposition has had a reasonable opportunity to seek assistance from the

25   Court in compelling the execution of the Certification.  The parties and their

26   counsel agree that, if a party intends to seek such assistance from the Court, the

27   party will do so within 10 calendar days after the deponent's refusal to execute the

28   Certification.

15.    If any Protected Document, or information derived therefrom, is the subject of deposition testimony, or is marked, attached to or otherwise incorporated in a deposition transcript, counsel may designate that portion of the transcript as "Confidential" or "Attorneys' Eyes Only" by making a statement to that effect on the record.  Counsel will arrange for that portion of the transcript to be separately bound, and it shall be treated in accordance with this Order.

16.    The parties shall have until 14 days after first receiving a copy of any deposition transcript in this case to designate as "Confidential" or "Attorneys' Eyes Only" any portion of a deposition transcript or exhibits attached thereto by giving written notice of this designation to the other party.

**Inadvertent Production**

17.    If, through inadvertence, a producing party provides any confidential information as part of this litigation without marking the information as "Confidential" or "Attorneys' Eyes Only" information, or provides any information subject to a claim of attorney-client privilege, attorney work product or other privilege or immunity, the producing party may, promptly after discovering the disclosure, inform the receiving party in writing of the "Confidential," "Attorneys' Eyes Only," privileged or otherwise immune nature of the disclosed information.  In that event, the receiving party shall treat the disclosed information as it is newly designated and in accordance with this Protective Order, and shall return all copies of assertedly privileged or immune documents (and destroy all summaries of same) within five (5) business days of receipt of written notice from the producing party.  To the extent the receiving party has already disclosed this information, the receiving party shall promptly notify the producing party as to the specific recipients of such information and shall take all reasonable steps (*e.g.*, phone calls, letters, etc.)  to retrieve such information from said recipients unless, with respect to "Confidential" or "Attorneys' Eyes Only" information, they are

1   otherwise entitled to disclosure under this Protective Order (in which case, the

2   receiving party shall obtain a signed Certificate from that recipient).

3   **Submission of Protected Documents to the Court**

4        18.    If any party wishes to submit or disclose any Protected

5   Document, or information derived therefrom, in any pleadings, motions, or other

6   papers filed with the Court, or in any proceeding or trial of this case, that party shall

7   seek approval from the Court to (and, if granted, shall) file or lodge such documents

8   or information under seal *in accordance with Local Rule 79.5*, a copy of which is

9   attached hereto.  In addition, should it be necessary for any party to disclose

10  Protected Documents or information derived therefrom at any proceeding in this

11  matter, including trial, the parties agree that any such proceeding shall be closed to

12  the public during such disclosure, subject to approval of the Court.

13       19.    All papers used in connection with any appeal herein that

14  contain or constitute any Protected Document, or contain information derived

15  therefrom, similarly shall be subject to the terms of this Order, and will be filed

16  with any court of appeal under seal.

17       20.    Within 30 days after the final termination of this action,

18  including any appeals, Plaintiff's counsel shall return to OMM's counsel, and *vice*

19  *versa*, any and all Protected Documents, as well as all documents referencing any

20  Protected Documents (or the information therein) that were created, reproduced,

21  provided to or referenced by a person who signed the attached Certification.  At that

22  time, counsel shall also return any notes, transcripts or other written documents

23  derived from Protected Documents or containing information derived from such

24  Protected Documents, except material constituting attorney-client communications

25  and/or the work product of any counsel, which shall be kept confidential thereafter.

26  Each counsel shall also provide to opposing counsel within the same time period all

27  original Certifications in their possession, custody or control that were executed

28  pursuant to this Order.  The final termination of this action shall not thereafter

1   relieve counsel or the persons who signed the attached Certification from the

2   obligation not to disclose such Protected Documents or information contained

3   therein or derived therefrom.

4           21.    The parties and their counsel agree to refrain from discussing

5   the content of any Protected Document covered by this Order in contravention of

6   this Order's terms.

7           22.    All documents produced or disclosed to Plaintiff or the Court by

8   OMM prior to the date of this Order that are later marked as "Confidential" or

9   "Attorneys' Eyes Only" by OMM are subject to all the terms and conditions of this

10  Order.  In addition, the failure by a party to mark a document as "Confidential" or

11  "Attorneys' Eyes Only" at the time of production does not waive the right of that

12  party later to so designate.

13          23.    This Order shall be without prejudice to the right of the parties

14  to present a motion pursuant to FRCP 26(c) for a separate protective order as to any

15  particular document or information.

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

24.     Any party to this Order may apply to the Court for modification of this Order provided the party gives 10 days prior written notice to the opposing party.

DATED: January 17, 2008      NANCY L. ABELL
                             CAMERON W. FOX
                             PAUL, HASTINGS, JANOFSKY & WALKER LLP


                             By: _____
                                       Cameron W. Fox

                             Attorneys for Defendant
                             O'MELVENY & MYERS LLP

DATED: January 16, 2008      SAMUEL G. JACKSON, JR.
                             JACKSON & ASSOCIATES


                             By: _____
                                       Samuel G. Jackson, Jr.

                             Attorneys for Plaintiff
                             DAGNEA TESHOME


IT IS SO ORDERED this 25th day of January 2008.


_____
Honorable Florence Marie Cooper
Judge

CONFIDENTIALITY AGREEMENT AND
[PROPOSED] PROTECTIVE ORDER

1                     CERTIFICATION OF COMPLIANCE WITH

2          CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

3

4           I, _____ have read and understand the Stipulated

5   Confidentiality Agreement and Protective Order in the case of <u>Dagnea Teshome v.</u>

6   <u>O'Melveny & Myers LLP</u>, United States District Court for the Central District of

7   California, Case No. CV-05-3664 FMC (PJWx), and agree to be bound by its

8   terms.  I agree to submit to the jurisdiction of the United States District Court for

9   the Central District of California regarding the enforcement of this Order.

10           Executed this _____ day of 200_, at _____ County,

11  _____.

12

13                                      _____

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



United States District Court, Central District of California

# Local Rules

| Rule Name: | Chapter: | Last Revised: |
|---|---|---|
| F.R.Civ.P. 79. Books and Records Kept by the Clerk and Entries Therein | Chapter I: Local Civil Rules, Integrated with Titles of Federal Rules of Civil Procedure | 01/2008 |

**F.R.Civ.P. 79. Books and Records Kept by the Clerk and Entries Therein**

**L.R. 79-1 Clerk's Office - Removal of Records and Files** . No records or objects belonging in the files of the Court may be taken from the office or custody of the Clerk except upon written order of the Court.

**L.R. 79-2 Receipt for Removal** . Any person removing records pursuant to L.R. 79-1 shall give the Clerk a descriptive receipt using the form prescribed by the Clerk.

**L.R. 79-2.1 Clerk's Office - Removal of Records and Files - Court Officers** . The provisions of L.R. 79-1 shall not apply to a judge, master, examiner employed by the United States, United States Magistrate Judge, a judge's law clerk, court reporter, or court clerk requiring records or objects in the exercise of official duty. Any court officer removing records or objects shall provide the Clerk with a receipt as required in L.R. 79-2.

**L.R. 79-3 Clerk's Office - Disposition of Exhibits - Civil Cases** . All models, diagrams, documents or other exhibits lodged with the Clerk or admitted into evidence or marked at trial shall be retained by counsel of record until expiration of the time for appeal where no appeal is taken, entry of stipulation waiving or abandoning the right to appeal, final disposition of the appeal, or order of the Court, whichever occurs first.

**L.R. 79-4 Clerk's Office - Removal of Contraband** . Contraband of any kind coming into the possession of the Clerk shall be returned to an appropriate governmental agency. The agency shall give the Clerk the receipt required by L.R. 79-2. The agency shall be responsible for the contraband until expiration of the time for appeal, where no appeal is taken, entry of stipulation waiving or abandoning the right to appeal, final disposition of the appeal, or order of the Court, whichever occurs first.

**L.R. 79-5 Confidential Court Records**

**L.R. 79-5.1\* Filing Under Seal - Procedures** . Except when authorized by statute or federal rule, no case or document shall be filed under seal without prior approval by the Court. Where approval is required, a written application and a proposed order shall be presented to the judge along with the document submitted for filing under seal. The proposed order shall address both the sealing of the application and order itself, if appropriate. The original and judge's copy of the document shall be sealed in separate envelopes with a copy of the title page attached to the front of each envelope. Conformed copies need not be placed in sealed envelopes. Where under-seal filings are authorized by statute or rule, the authority therefor shall appear on the title page of the proposed filing. Applications and Orders to Seal, along with the material to be placed under seal, shall not be electronically filed but shall be filed manually in the manner prescribed by Local Rule 79-

5. A Notice of Manual Filing shall also be electronically filed identifying materials being manually filed.

**L.R. 79-5.2 Confidential Court Records - Disclosure** . No sealed or confidential record of the Court maintained by the Clerk shall be disclosed except upon written order of the Court.

**L.R. 79-5.3 Procedure for Disclosure of Confidential Court Records** . An application for disclosure of sealed or confidential court records shall be made to the Court in writing and filed by the person seeking disclosure. The application shall set forth with particularity the need for specific information in such records. The procedures of L.R. 7-3 *et seq*. shall govern the hearing of any such application.

**L.R. 79-5.4\*\* Responsibilities of Parties to Redact or Exclude Personal Identifiers.** In compliance with the policy of the Judicial Conference of the United States and the E-Government Act of 2002 (as Amended), the parties shall refrain from including, and /or shall redact when inclusion is necessary, the following personal data identifiers from all documents, exhibits, and attachments filed with the Court, except as specifically excluded below.

(a) **Social Security Numbers:** If an individual's Social Security Number must be included in a document, only the last four digits of that number should be used;

(b) **Names of Minor Children:** If the involvement of a minor child must be mentioned, only the initials of that child should be used;

(c) **Dates of Birth:** If an individual's date of birth must be included in a document, only the year should be used;

(d) **Financial Account Numbers:** If financial account numbers are relevant, identify the name or type of account and the financial institution where maintained, and only indicate the last four digits of the account number;

(e) **Home Address:** If a home address must be included, only the city and state should be listed.

A party who must file a document containing the personal data identifiers as listed above shall: 1) file a redacted version of the document excluding the personal data identifiers; or 2) file a redacted version of the document with unique identifiers (e.g., 1, 2, 3 or A, B, C) used in place of the personal data identifiers, along with a reference list, filed under seal, indicating the complete personal data identifiers and unique identifiers used in their place; or 3) file the complete unredacted document under seal.

Parties shall carefully examine the documents, exhibits or attachments to be filed with the Court in order to protect any sensitive and private information. The responsibility for redacting or placing under seal these personal data identifiers rests solely with counsel and the parties. The Clerk will not review any pleadings or documents for compliance.

Counsel and the parties are cautioned that failure to redact or place under seal these personal data identifiers may subject them to the full disciplinary power of the Court. If a redacted version of the document is filed, counsel shall maintain the unredacted document in their office pending further order of the Court or resolution of the action (including the appeal, if any) and shall, at the request of opposing counsel or parties,

provide a copy of the complete document.

        **Documents to be excluded.** In accordance with the policy of the Judicial Conference of the United States, the documents listed below are not to be included in the public case file. These documents and all social security cases are excluded from this Local Rule, redaction requirement.

        (a) Unexecuted summonses or warrants, supporting applications, and affidavits;

        (b) Pretrial bail reports;

        (c) Presentence investigation reports;

        (d) Statements of reasons in the judgment of conviction;

        (e) Juvenile records;

        (f) Documents containing identifying information about jurors or potential jurors;

        (g) Financial affidavits filed in seeking representation pursuant to the Criminal Justice Act;

        (h) Ex parte requests for authorization of investigative, expert or other services pursuant to the Criminal Justice Act; and

        (i) Sealed documents.

---

*(79-5.1, amended, effective 1/1/08)
**(79-5.4 new, effective 7/1/05)

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
                                     ) ss:
CITY AND COUNTY OF LOS ANGELES  )

       I am employed in the City and County of Los Angeles, State of California.  I am over the age of 18, and not a party to the within action.  My business address is 515 South Flower Street, Twenty-Fifth Floor, Los Angeles, California  90071-2228.

       On January 24, 2008, I served the foregoing document(s) described as:

**CONFIDENTIALITY AGREEMENT AND [PROPOSED] PROTECTIVE ORDER**

on the interested parties by placing a true and correct copy thereof in a sealed envelope(s) addressed as follows:

Samuel G. Jackson, Jr.
Jackson & Associates
3699 Wilshire Blvd., Suite 890
Los Angeles, CA  90010

☐   **VIA OVERNIGHT MAIL:**

VIA _____:By delivering such document(s) to an overnight mail service or an authorized courier in a sealed envelope or package designated by the express service courier addressed to the person(s) on whom it is to be served.

☒   **VIA U.S. MAIL:**

I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice such sealed envelope(s) would be deposited with the U.S. postal service on January 24, 2008 with postage thereon fully prepaid, at Los Angeles, California.

☐   **VIA PERSONAL DELIVERY:**

I personally delivered such sealed envelope(s) by hand to the offices of the addressee(s) pursuant to CCP § 1011.

☐   **VIA FACSIMILE:**

The facsimile transmission report indicated that the transmission was complete and without error.  The facsimile was transmitted to Facsimile # _____ on January 24, 2008 at _____.  A copy of that report, which was properly issued by the transmitting machine, is attached hereto.  **[Permitted by written agreement of the parties.]**

       I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

       Executed on January 24, 2008, at Los Angeles, California.

_____
Kareen Romano

LEGAL_US_W # 57272166.1

PROOF OF SERVICE